IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03349-RM-KMT

AMSA, INC. d/b/a VERSACART SYSTEMS, INC.,
a Colorado corporation,

      Plaintiff,

v.

THE PEGGS COMPANY, INC.,
a California corporation, and
DOES 1 through 10, inclusive,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties further acknowledge that the parties must comply with Civil Local Rule 7.2 when a party seeks permission from the Court to file material under seal.

2.    <u>DEFINITIONS</u>

      2.1   **"CONFIDENTIAL" Information or Items**:   Non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that the producing Party's

counsel has reviewed and believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.

2.2 **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":** **Information or Items:** Extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, that the reproducing Party's counsel has reviewed and believes in good faith must be held highly confidential.

2.3 **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.4 **Outside Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5 **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. SCOPE

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

      4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

      5.1    **Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

      5.2    **Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      (a)    **Designation of Information in Documentary Form.**  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the

material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    **Designation of Deposition Testimony.**   All deposition testimony and transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 30 days after the transcript is received by counsel for the witness for designation under this Protective Order, after which the information revealed during the deposition shall cease to be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", unless, in writing before the thirty (30) days have expired, the witness or counsel of the Designating Party designates those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Any party may mark Protected Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 7 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

5.3    **Inadvertent Failures to Designate.**   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the receiving Party must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      5.4   **Subsequent Designation.**  The designating party shall provide all persons whom it notifies of the new designation with another copy of the documents, computer files, or deposition testimony that bears the new designation.

      The party making the new designation, all counsel of record and counsel for any non-party shall make all reasonable efforts to retrieve all copies of the undesignated documents, computer files or testimony from the persons to whom such undesignated copies have been disclosed.

      6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

   6.1   **Timing of Challenges.**   Any Party or Non-Party may challenge a designation of confidentiality at any time.

   6.2   **Meet and Confer.**   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.

   6.3   **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Failure by the Designating Party to make such a motion within the earlier of 1) twenty-eight (28) days of the initial notice of challenge; or 2) fourteen (14) days after the meet and confer in 6.2, shall automatically waive the confidentiality designation for each challenged designation.  In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for

doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  **Basic Principles.**  A receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2  **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Outside Experts who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the receiving Party's counsel of record in this action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      Outside Experts (1) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (2) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c)      the court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated Experts.**

(a)(1)  A Party that seeks to disclose to an Outside Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must provide notice to the other parties of (1) the full name of the Outside Expert, (2) a copy of the Outside Expert's current resume, including a list of all publications authored in the previous 10 years, (2) the Outside Expert's current employer(s), (3) identifies each person or entity from whom the Outside Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, and (4) the name, case number, and location of court for any litigation in which the Outside Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Outside Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. In any such proceeding, the Party opposing disclosure to Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      PROTECTED MATERIAL SUBPOENAED OR
ORDERED PRODUCED IN OTHER LITIGATION

(a)      If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than (7) seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)      The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

9.      A NON-PARTY'S PROTECTED MATERIAL
SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. <u>NO WAIVER</u>

This Protective Order is entered into solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. The production of materials designated as Protected Material pursuant to this Protective Order shall in no way constitute: (a) a waiver of any right to object to the production or use of the same information on other grounds; (b) a general or limited waiver of the attorney-client, attorney work product or any other privilege or legal protection; or (c) a waiver of any right to object to the production of or use of other documents in this litigation or in any other litigation. By agreeing to the terms of this Protective Order, a party shall not be deemed to have waived any objection to the production or admissibility of any document. The placing of any confidentiality designation on the face of a document shall have no bearing on the question of the authenticity or admissibility of that document at trial.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or any other privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged natured of the materials.

13.   <u>FINAL DISPOSITION</u>.  Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each receiving Party must return all Protected Material to the producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the receiving Party must submit a written certification to the producing Party within sixty (60) days certifying destruction or return. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,   and   hearing   transcripts,   legal memoranda,   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 1st day of May, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 1, 2014                    s/Ian R. Walsworth
                                      Ian R. Walsworth
                                      *Attorney for Plaintiff AMSA, Inc.*
                                      *d/b/a Versacart Systems, Inc.*,


Dated: May 1, 2014                    s/Darren B. Schwiebert
                                      Darren B. Schwiebert
                                      *Attorney for Defendant*
                                      *The Peggs Company, Inc.*

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print   or   type   full   name],   of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of

Colorado on [date] in the case of Civil Action No. 1:13-cv-03349-RM-KMT, captioned

*AMSA, Inc. d/b/a Versacart Systems, Inc. v. The Peggs Company, Inc. and DOES 1*

*through 10, inclusive.*  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Colorado for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date:  _____

City and State where sworn and signed:  _____

Printed name:  _____
                            [printed name]

Signature:  _____
                        [signature]